UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ERIC HSEUH,                                          :

                 Plaintiff,                         :              05 Civ. 5345 (JSR) (AJP)

           -against-                        :        **REPORT AND RECOMMENDATION**

BANK OF NEW YORK,                                    :

               Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Chief Magistrate Judge:**

**To the Honorable Jed S. Rakoff, United States District Judge:**

Pro se plaintiff Eric Hseuh brought this action against defendant Bank of New York alleging discriminatory termination and retaliation in violation of the Americans With Disabilities Act. (See generally Dkt. No. 1: Compl.) Presently before the Court is defendant Bank of New York's motion to dismiss on the ground that plaintiff Hseuh's claims are barred by a valid release. (Dkt. No. 9: Notice of Motion to Dismiss; Dkt. No. 10: Bank Br.)

For the reasons set forth below, the Bank's motion should be GRANTED and the complaint dismissed with prejudice.

## **FACTS**

Plaintiff's complaint asserts that his "[m]edical history indicates [he has] hemoptysis after expos[ure to] environmental irritants" as a result of the September 11, 2001 attacks. (Dkt. No. 1: Compl. ¶ 8 at p. 4.) The Bank accommodated him by transferring him to a different location, but he "was ordered back to downtown a couple of times." (Id.) In March 2004, he was laid off in a reduction in force. (Id.) In conclusory fashion, the complaint asserts that since his work had been excellent for the ten years of his employment, "[i]n light of the discrimination and harassment to which [he] was subjected based on [his] disability, it is evident that [he] was discharged in retaliation for [his] valid requests for reasonable accommodation," in violation of the ADA. (Compl. ¶ 8 at pp. 4, 6.)

Hseuh attached to the complaint various documents (Compl.: Attachments).[1] One of the documents attached to the Complaint is a March 18, 2004 letter from the Bank to Hseuh, entitled "Letter Agreement with General Release." (Compl. Att. at pp. 65-71; accord, Dkt. No. 9: Raphan Aff. Ex. B: "Letter Agreement With General Release.") The Letter Agreement is countersigned by Hseuh on May 13, 2004. (Compl. Att. at p. 69.) The Letter Agreement provided for a "Special Severance Payment" of about $33,000 to Hseuh, along with other benefits. (Id. at p. 67.) The Letter Agreement gave Hseuh time to consider whether to sign the Agreement:

---

[1] The complaint did not label the attachments in any way. For convenience, the Court will refer to the copy of the complaint submitted by defendant on the motion, in which defendant numbered all of the pages of the complaint and attachments. (Dkt. No. 9: Raphan Aff. Ex. A: Compl.)

> Signing the General Release:  You may take until May 4, 2004 (which is at least 45 days from your receipt of this Letter Agreement) to consider whether or not you will accept the Company's offer.  Furthermore, you shall have seven (7) days following your signing of the General Release to revoke your execution, at which time the provisions of this Letter Agreement shall be of no force or effect.

(Compl. Att.: Letter Agreement ¶ 6 at p. 67.)  The General Release attached to the Letter Agreement, which Hseuh signed on May 9, 2004, provided a release of all claims against the Bank, including specifically ADA claims.  (Compl. Att.: Letter Agreement & General Release at pp. 70-71.)  The General Release further provided:

> Mr. Hseuh represents and warrants that he has been advised to consult independent legal counsel before signing this General Release and that he has executed this General Release after having the opportunity to consider its terms for at least 45 days.  Mr. Hseuh further represents and warrants that he has read this General Release carefully, that he has discussed it, or has had reasonable opportunity to discuss it, with his attorney, that he fully understands its terms, and that he is signing it voluntarily and of his own free will.

(Id. at 71.)  Hseuh did retain a lawyer to "negotiate [his] severance package."  (Compl. Att. at pp. 55-60: Hseuh's EEOC "Intake Questionnaire - Discharge" ¶ 19 at p. 58.)

## ANALYSIS

## I.    THE STANDARD GOVERNING A MOTION TO DISMISS[2]

---

[2]    For additional decisions by this Judge discussing the standard governing a motion to dismiss in language substantially similar to that in this section, see, e.g., Brooks v. Von Lenthe, 05 Civ. 3655, 2005 WL 2679716 at *8-9 (S.D.N.Y. Oct. 21, 2005) (Peck, M.J.); Wong v. Health First, Inc., 04 Civ. 10061, 2005 WL 1676705 at *1-3 (S.D.N.Y. July 19, 2005); Chase v. Czajka, 04 Civ. 8228, 2005 WL 668535 at *4-5 (S.D.N.Y. Mar. 23, 2005) (Peck, M.J.); Amadsau v. Bronx Lebanon Hosp. Ctr., 03 Civ. 6450, 2005 WL 121746 at *3 (S.D.N.Y. Jan. 21, 2005) (Peck, M.J.), report & rec. adopted, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005) (Kaplan, D.J.); Doe v. Goord, 04 Civ. 0570, 2004 WL 2829876 at *5-6 (S.D.N.Y. Dec. 10, 2004) (Peck, M.J.); LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co., 951 F. Supp.
(continued...)

A district court should deny a Rule 12(b)(6) motion to dismiss "'unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief.'" IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d Cir. 1993) (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994).[3/] A court must accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party – here, the plaintiff. Cosmas v. Hassett, 886 F.2d 8, 11 (2d Cir. 1989).[4/]

A motion to dismiss challenges only the face of the pleading. Thus, in deciding a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." Vassilatos v. Ceram Tech Int'l Ltd., 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir. 1991)).[5/] The Court, however, may consider

---

[2/]    (...continued)
1071, 1080-81 (S.D.N.Y. 1996) (Knapp, D.J. & Peck, M.J.); In re Towers Fin. Corp. Noteholders Litig., 93 Civ. 0180, 1995 WL 571888 at *11 (S.D.N.Y. Sept. 20, 1995) (Peck, M.J.), report & rec. adopted, 936 F. Supp. 126 (S.D.N.Y. 1996) (Knapp, D.J.).

[3/]    Accord, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004); Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001); In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir.), cert. denied, 534 U.S. 1071, 122 S. Ct. 678 (2001); Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).

[4/]    Accord, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d at 216; Weinstein v. Albright, 261 F.3d at 131; In re Scholastic Corp. Sec. Litig., 252 F.3d at 69.

[5/]    Accord, e.g., Aniero Concrete Co. v. New York City Constr. Auth., 94 Civ. 3506, 2000 WL 863208 at *31 (S.D.N.Y. June 27, 2000); Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 97 Civ. 5499, 2000 WL 264295 at *12 (S.D.N.Y. Mar. 9, 2000) ("When reviewing the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only (continued...)

documents attached to the complaint as an exhibit or incorporated in the complaint by reference. E.g., Chambers v. Timer Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."); Yak v. Bank Brussels Lambert, BBL (USA) Holdings, Inc., 252 F.3d 127, 130 (2d Cir. 2001) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960, 1125 S. Ct. 1561 (1992)); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . ."); see also, e.g., Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994); Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

The Court's role in deciding a motion to dismiss "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Saunders v. Coughlin, 92 Civ. 4289, 1994 WL 88108 at *2 (S.D.N.Y. Mar. 15,

---

[5] (...continued)
to the four corners of the complaint and evaluates the legal viability of the allegations contained therein.").

When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b); Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000); Fonte v. Board of Managers of Cont'l Towers Condos, 848 F.2d 24, 25 (2d Cir. 1988).

1994) (quoting <u>Geisler</u> v. <u>Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980)); <u>accord</u>, <u>e.g.</u>, <u>Watson</u> v. <u>McGinnis</u>, 964 F. Supp. 127, 130-31 (S.D.N.Y. 1997) (Kaplan, D.J. & Peck, M.J.). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" <u>Saunders</u> v. <u>Coughlin</u>, 1994 WL 88108 at *2 (quoting <u>Scheuer</u> v. <u>Rhodes</u>, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)). A Rule 12(b)(6) motion will be granted "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" <u>Saunders</u> v. <u>Coughlin</u>, 1994 WL 88108 at *2 (quoting <u>Hishon</u> v. <u>King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)).

When reviewing a pro se complaint, the Court must use less stringent standards than if the complaint had been drafted by counsel. <u>See</u>, <u>e.g.</u>, <u>LaBounty</u> v. <u>Adler</u>, 933 F.2d 121, 123 (2d Cir. 1991); <u>Watson</u> v. <u>McGinnis</u>, 964 F. Supp. at 131; <u>Saunders</u> v. <u>Coughlin</u>, 1994 WL 88108 at *2 (citing <u>Hughes</u> v. <u>Rowe</u>, 449 U.S. 5, 101 S. Ct. 173 (1980)). However, "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. . . ." 2 <u>Moore's Federal Practice</u> § 12.34[4][a], at 12-72.7 (2005). Thus, the "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" <u>Id.</u>, § 12.34[1][b], at 12-61; <u>see also</u>, <u>e.g.</u>, <u>Joyner</u> v. <u>Greiner</u>, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (action dismissed because pro se plaintiff "failed to allege the facts tending to establish" that defendants violated his constitutional rights).

## II.     PLAINTIFF HSEUH'S COMPLAINT IS BARRED BY HIS PRIOR RELEASE

An employee may waive his federal claims of discrimination, whether under the ADA, Title VII, the ADEA or similar statutes (and related state claims), provided the waiver is knowing and voluntary.  See, e.g., Bormann v. AT&T Commc'ns, Inc., 875 F.2d 399, 401-03 (2d Cir.) (ADEA), cert. denied, 493 U.S. 924, 110 S. Ct. 292 (1989); Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400, 401 (S.D.N.Y. 2002) (Title VII & N.Y. law); Livingston v. Bev-Pak, Inc., 112 F. Supp. 2d 242, 247, 249 (N.D.N.Y. 2000) (Title VII & N.Y. law); Campbell v. Alliance Nat'l Inc., 107 F. Supp. 2d 234, 239-40 (S.D.N.Y. 2000) (Title VII); Laramee v. Jewish Guild for the Blind, 72 F. Supp. 2d 357, 359 (S.D.N.Y. 1999) (ADA & N.Y. law); Reid v. IBM Corp., 95 Civ. 1755, 1997 WL 357969 at *5, 17 (S.D.N.Y. June 26, 1997) (Title VII, ADA & N.Y. law); Nicholas v. NYNEX, Inc., 929 F. Supp. 727, 730 (S.D.N.Y. 1996) (Title VII); Baba v. Warren Mgmt. Consultants, Inc., 882 F. Supp. 339, 343 (S.D.N.Y.) (Title VII), aff'd, 89 F.3d 826 (2d Cir. 1995), cert. denied, 519 U.S. 840, 117 S. Ct. 119 (1996).

The federal courts in this Circuit have established a list of eight non-exhaustive factors for the Court to consider in determining whether a waiver was knowing and voluntary:

> In determining whether under the totality of the circumstances an individual's waiver was knowing and voluntary, the following factors must be considered:  (1) the plaintiff's education and business experience; (2) the amount of time the plaintiff had possession of or access to the agreement before signing it; (3) the role of the plaintiff in deciding the terms of the agreement; (4) the clarity of the agreement; (5) whether the plaintiff was represented by or consulted with an attorney; (6) whether the consideration given in exchange for the waiver exceeds any benefits to which the employee was already entitled by contract or law; (7) whether an employer encouraged or discouraged the employee to consult an attorney; and (8) whether the

> employee had a fair opportunity to consult with an attorney. These factors are neither exhaustive nor must all of the factors be satisfied before a release is enforceable.

Laramee v. Jewish Guild for the Blind, 72 F. Supp. 2d at 359-60 (citations omitted, including to Bormann v. AT&T Commc'ns, Inc., 875 F.2d at 403); accord, e.g., Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437-38 (2d. Cir. 1998); Matusovsky v. Merrill Lynch, 186 F. Supp. 2d at 400; Daigle v. West, 225 F. Supp. 2d 236, 245 (N.D.N.Y. 2002); Livingston v. Bev-Pak, Inc., 112 F. Supp. 2d at 247; Knoll v. Equinox Fitness Clubs, 02 Civ. 9120, 2003 WL 23018807 at *3-4 (S.D.N.Y. Dec. 22, 2003), amended on other grounds, 02 Civ. 9120, 2004 WL 439500 (S.D.N.Y. Mar. 10, 2004); Cordoba v. Beau Deitl & Assocs., 02 Civ. 4951, 2003 WL 22902266 at *5 (S.D.N.Y. Dec. 8, 2003); Bachiller v. Turn On Prods., Inc., 00 Civ. 8701, 2003 WL 1878416 at *3-4 (S.D.N.Y. Apr. 14, 2003), aff'd, 86 Fed. Appx. 475 (2d Cir. 2004); Benson v. NYNEX, Inc., 97 Civ. 2168, 2001 WL 579786 at *2 (S.D.N.Y. May 29, 2001), aff'd, 33 Fed. Appx. 10 (2d Cir. 2002); Reid v. IBM Corp., 1997 WL 357969 at *5; Branker v. Pfizer, Inc., 981 F. Supp. 862, 865-66 (S.D.N.Y. 1997); Kristoferson v. Otis Spunkmeyer, Inc., 965 F. Supp. 545, 546-47 (S.D.N.Y. 1997) (Rakoff, D.J.).

All of these factors lead the Court to find Hseuh's waiver valid.

1.      Hseuh's Education and Business Experience: Hseuh worked for the Bank for ten years and held the title of Assistant Treasurer for more than the final five years of that employment. (Compl. at pp. 4, 11, 73.) "This Court has held that 'a plaintiff with a high school education and management experience [is] capable of understanding a straightforward release much like the stipulation at issue here.'" Campbell v. Alliance Nat'l Inc., 107 F. Supp. 2d at 240.

2.      Hseuh Had Time to Review the Agreement and Release:  The Bank forwarded the "Letter Agreement with General Release" to Hseuh on March 18, 2004, and gave him over 45 days, until May 4, 2004, to decide whether to sign it.  (Compl. Att.: Letter Agreement With General Release, at pp. 65, 67.)  In fact, Hseuh did not sign the Agreement until May 13, 2004 (id. at p. 69), some 56 days after he first received it.

3.      The Non-Negotiable Nature of the Agreement Does Not Make It Unenforceable:  Hseuh alleges that the Bank refused to negotiate the terms of the agreement. (Compl. Att. at p. 58.)  Assuming for purposes of this motion the truth of that allegation, it does not render the Agreement unenforceable.  See, e.g., Bormann v. AT&T Commc'ns, Inc., 875 F.2d at 403 n.1; Cordoba v. Beau Deitl & Assocs., 2003 WL 22902266 at *5; Laramee v. Jewish Guild for the Blind, 72 F. Supp. 2d at 360; Reid v. IBM Corp., 1997 WL 357969 at *5; Nicholas v. NYNEX, Inc., 929 F. Supp. at 732; Frumkin v. International Bus. Machs. Corp., 801 F.Supp. 1029, 1043 (S.D.N.Y. 1992).

4.      The Agreement is Clear:  The Letter Agreement and Release are clearly and simply written, informing Hseuh that he is giving up any federal claims including under the ADA and releasing the Bank from any and all claims.  (Compl. Att.: Letter Agreement With General Release at p. 70, quoted at page 3 above.)

5, 7 & 8.      Hseuh Was Encouraged To and Did Retain Counsel:  The Letter Agreement With General Release informed Hseuh of the opportunity to consult with counsel

(Compl. Att.: Letter Agreement With General Release at p. 71), and in fact Hseuh retained counsel (Compl. Att. at p. 58.)

　　　　6.　　Hseuh Received Monetary Benefit: Hseuh received a Special Severance Payment of $32,913.46, which he would not have otherwise received. (Compl. Att.: Letter Agreement With General Release at p. 67.)

　　　　Thus, under the totality of the circumstances, the Release is valid.

　　　　In response to the Bank's motion, Hseuh claims that he did not have enough time to consider whether to sign the agreement, and the Bank "intimidated [Hseuh] to take money off the table if [Hseuh] didn't sign the agreement." (Dkt. No. 11: Hseuh Opp. ¶ 1.) As noted above, Hseuh had almost two full months (56 days) to sign the agreement (March 18 to May 13, 2004). (See pages 3, 9 above.) Hseuh claims that he had "poor communication and misrepresentation from" his attorney, such that on May 6 his attorney told him the Bank gave him until May 13, 2004 to decide whether to sign the agreement. (See Hseuh Opp. ¶ 1 & Att.: 5/6/09 email from counsel to Hseuh.) Hseuh had had from March 18 to May 4 to sign the agreement; the May 13 deadline was an extension of time by the Bank. (See pages 3, 9 above.) The Court finds that Hseuh had enough time to consider his options. See, e.g., Mareno v. Madison Square Garden, L.P., No. 01-7031, 21 Fed. Appx. 74, 75-76 (2d Cir. Oct. 23, 2001); Knoll v. Equinox Fitness Clubs, 2003 WL 23018807 at *4.

　　　　Hseuh's claim that he was "intimidated" because he alleges that he was told by he Bank that if he did not sign the Agreement he would not get the money, is unavailing. One of the factors in considering whether such an agreement is valid is whether it gave some financial or other

benefit to the employee (see the sixth factor discussed above), this issue is inherent in all waiver agreement cases. Hseuh has not made a sufficient claim of duress to avoid the release's effect. See, e.g., Livingston v. Bev-Pak, Inc., 112 F. Supp. 2d at 248-49;[6/] see also, e.g., Knoll v. Equinox Fitness Clubs, 2003 WL 23078807 at *7-8 (finding no "economic duress" where there was no evidence employer threatened employee with an "unlawful injury" and employee did not promptly repudiate the release); Bachiller v. Turn On Prods., Inc., 2003 WL 1878416 at *9 (rejecting duress defense to release signed by employee); Reid v. IBM Corp., 1997 WL 357969 at *7 ("'[O]ne cannot successfully claim duress as a defense to a contract when he had an alternative to signing the agreement.' Plaintiff could have rejected the Release and pursued his legal remedies. Courts have found this option – turning down the additional severance and pursuing legal claims – to be a reasonable alternative, even if a hefty financial incentive is offered for signing the release.") (citations omitted); Nicholas v. NYNEX, Inc., 929 F. Supp. at 732-33; Frumkin v. International Bus. Machs. Corp., 801 F. Supp. at 1044.

Finally, Hseuh argues that the "release clearly states it does NOT rule out the option of EEOC investigation." (Hseuh Opp. ¶ 2.) Hseuh argues that since he filed a complaint with the EEOC and received a right to sue letter, he should be able to maintain this suit as such an "ongoing investigation." (Id.)

The Letter Agreement states that:

---

[6/] Hseuh has not returned, nor does he now offer to return, the $32,913.46 he received. Rather, he offers to return under $20,000 because of taxes withheld and paid. (See Hseuh Opp. ¶ 3.) See, e.g., Kristoferson v. Otis Spunkmeyer, Inc., 965 F. Supp. at 549.

> In the event that you institute [or] are a party to . . . any such action, your claims shall be dismissed . . . with prejudice immediately upon presentation of this Letter Agreement and attached General Release. This General Release does not affect your participation in any investigation conducted by the Equal Employment Opportunity Commission, but you acknowledge that you are not entitled to any other monies other than those payments described in this Letter Agreement.

(Compl. Att.: Letter Agreement With General Release at p. 68.)  The Letter Agreement's indication that the EEOC is not precluded from bringing an enforcement action on Hseuh's behalf is consistent with Second Circuit case law.  EEOC v. Johnson & Higgins, Inc., 91 F.3d 1529, 1535-37 (2d Cir.), aff'd, 91 F.3d 1529 (2d Cir. 1996), cert. denied, 522 U.S. 808, 118 S. Ct. 47 (1997).  That provision clearly does not allow Hseuh to himself bring such a claim where the EEOC declines to do so.

## CONCLUSION

For the reasons stated above, the Letter Agreement With General Release that plaintiff Hseuh signed (in return for almost $33,000) is valid.  Therefore, the defendant Bank of New York's motion to dismiss the complaint with prejudice should be GRANTED..

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to my chambers, 500 Pearl Street, Room 1370.  Any requests for an extension of time for filing objections must be directed to Judge Rakoff.  Failure to file objections

will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:    New York, New York
           October 31, 2005

Respectfully submitted,

**Andrew J. Peck**
United States Chief Magistrate Judge

Copies to:    Eric Hseuh (Regular & Certified Mail)
           Eric D. Raphan, Esq.
           Judge Jed S. Rakoff